

**FILED**

MAR 2 3 2011

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re | ) Case No. 11-26987-E-13L |
| | ) |
| STEPHEN E. FLEURY and | ) |
| ELIZABETH M. MAGALLON-FLEURY, | ) |
| | ) |
| Debtor(s). | ) |
| _____ | ) |
| | ) |
| STEPHEN E. FLEURY and | ) Adv. Pro. No. 11-2198 |
| ELIZABETH M. MAGALLON-FLEURY, | ) Docket Control No. RAH-1 |
| | ) |
| Plaintiff(s), | ) |
| v. | ) |
| | ) |
| SPECIALIZED LOAN SERVICING, | ) |
| LLC; ARCH BAY HOLDINGS, LLC - | ) |
| SERIES 2009B; MTC FINANCIAL, | ) |
| INC.; and DOES 1-50, | ) |
| inclusive, | ) |
| | ) |
| Defendant(s). | ) |
| _____ | ) |

This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.

**MEMORANDUM OPINION AND DECISION**

The court has been presented with a Motion for Injunctive Relief and *Ex Parte* Application for a Temporary Restraining Order filed by Stephen Fleury and Elizabeth Magallon Fleury ("Debtor-Plaintiffs"). The Motion was electronically filed on March 22,

1   2011.    In the Motion, Debtor-Plaintiffs assert that Specialized

2   Loan Servicing, LLC; Arch Bay Holdings, LLC -Series 2009B; and MTC

3   Financial, Inc. d/b/a Trustee Corps, the named Defendants, intend

4   to conduct a nonjudicial foreclosure sale at 12:30 p.m. on March

5   23, 2011, of real property commonly known as 10716 Cedar Avenue,

6   Grass Valley, California.    The Cedar Avenue Property is listed on

7   Schedule A as real property owned by the Debtors with a value of

8   $495,000.00, which secures claims totaling $652,899.46. (Schedule

9   A, No. 11-26987 Dckt. 16.)    Schedule B filed by the Debtors does

10  not schedule any affirmative claims or causes of action as property

11  of the bankruptcy estate.    Schedule D lists Specialized Loan

12  Servicing as having a disputed secured claim in the amount of

13  $652,899.46 secured by the Cedar Avenue Property.

14      Over the past eighteen months, the Debtor-Plaintiffs have

15  repeatedly sought the protections of the Bankruptcy Code.    After

16  receiving a Chapter 7 discharge, the Debtor-Plaintiffs filed a

17  series of unsuccessfully prosecuted Chapter 13 cases,[1] in which one

18  could surmise that their sole apparent goal was to gain the

19  protections of the automatic stay.

20

21

22

23                              .

24

25

26  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

27      [1]   In their current bankruptcy petition, the Debtor-
    Plaintiffs neglect to disclose Case No. 11-20516, which was filed
28  on January 7, 2011, and dismissed on March 16, 2011.

| Fleurys' Bankruptcy Petition History Since October 2009 | | | | |
|---|---|---|---|---|
| Case No. | Date Filed | Disposition | Disposition Date | Reason |
| 09-42665-C-7 | Oct. 19, 2009 | Discharged | Jan. 25, 2010 | — |
| 10-37632-E-13 | July 5, 2010 | Dismissed | Dec. 2, 2010 | Failure to File Plan Following Denial of Confirmation |
| 11-20516-B-13 | Jan 7, 2011 | Dismissed | Mar. 16, 2011 | Ineligibility — Failure to Complete Prepetition Credit Counseling |
| 11-26987-E-13 | Mar. 22, 2011 | Parent Bankruptcy Case — Pending | | |

The court noted its concerns about the Fleurys' good faith basis for pursuing relief under Chapter 13 when it denied confirmation of their plan in the first Chapter 13 case:

> From the evidence presented, it is unclear to the court for what purpose Debtors filed the present Plan. The Plan fails to provide for payment of any claims whatsoever. Rather, it seems Debtors are attempting to use the Chapter 13 Plan, and the objection to the claim of Arch Bay Holdings, LLC, as a scheme to discharge the underlying perfected debt held by Accredited Home Lenders or its assigns. This is not permitted. 11 U.S.C. § 1322(b)(2). From the totality of the circumstances, the court finds that the Plan was not offered in good faith. The Plan cannot be confirmed. 11 U.S.C. § 1325(a)(3).

(Civ. Min., Sep. 14, 2010, No. 10-37632-E-13 Dckt. 38.)

The Motion for the Temporary Restraining Order merely states that the Debtor-Plaintiffs seek a temporary restraining order against unnamed Defendants pursuant to Federal Rule of Civil Procedure 65 and Federal Rule of Bankruptcy Procedure 7065. The Debtor-Plaintiffs fail to state with particularity the grounds upon which the requested relief is based. *See* Fed. R. Civ. P. 7(b) *incorporated by* Fed. R. Bankr. P. 7007. Failure to state grounds

3

for the relief requested is a basis for denying the Motion.  Given
the urgency of the Motion, the court has assembled the information
presumably the grounds for the Motion from Points and Authorities
("P&As") filed in support of the pleading titled "Motion."

     From these P&As the court surmises the following grounds as
the basis for the requested injunctive relief.

1.   In a ruling in one of the Debtor-Plaintiffs' prior bankruptcy
     cases, Chapter 13 case No. 10-37632 "that [Defendants] had not
     established they were the real party in interest."  This was
     an order on an objection to proof of claim filed by Arch Bay
     in that case.  Debtor-Plaintiffs then contend that "Despite
     said ruling, Defendants have ignored the findings of fact and
     ruling and are doing an 'end around' attempting to conduct a
     non-judicial foreclosure."  (P. & A. 1:25-28, 2:1-3.)

2.   At this point in time, Defendants were unable to establish to
     the satisfaction of the judge that they have the authority to
     enforce the note and proceed with a foreclosure.  (P. & A.
     2:4-6.)

3.   The automatic stay in the prior case was "lifted by operation
     of law due to technical errors unrelated to [the judge's]
     October 19, 2010 ruling. (P. & A. 2:6-7.)

4.   Only by fraud and intentionally ignoring the judge's prior
     ruling are Defendants proceeding as they have done nothing to
     correct the deficiencies pointed out in the judge's ruling but
     instead attempting to "quickly capitalize on the technical
     aspects of not having a stay in place." (P. & A. 2:9-12.)

5.   The validity of the claim of Defendants that it has the right
     to foreclose on the Debtor-Plaintiffs' property is the issue
     in this Adversary Proceeding. (P. & A. 2:7-9.)

6.   For this reason, the court should issue the temporary
     restraining order.

     The court has not stopped with the grounds as stated in this
portion of the P&As, but combed the balance of the pleadings to
fully understand the grounds being asserted by these Debtor-
Plaintiffs.  It is contended that Defendant Arch Bay is not "a
beneficiary under the note" and cannot foreclose under the deed of

4

1  trust, based on the finding of the judge in the prior case.[2]
2  Further, MTC Financial, Inc. d/b/a Trustee Corps is not the trustee
3  of record under the deed of trust and cannot conduct a trustee's
4  sale. (P. & A. 3:18-23.)  The trustee named under the deed of trust
5  is a company called "Accredited" and no substitution of trustee by
6  Accredited has been executed or presented to substitute MTC instead
7  of  Steward  Title.    (The  connection  of  Steward  Title  is  not
8  explained in the P&As.)

9      The Debtor-Plaintiffs then argue that the loan for which the
10 note was issued is part of a securitized loan portfolio and that
11 assignments  are  governed  by  a  Pooling  and  Servicing  Agreement
12 (PSA).  The P&As then proceed with the creation of securitized loan
13 portfolios and its business uses and that an REMIC trust into which
14 notes  are  transferred  must  comply  with  certain  procedures  to
15 maintain its tax status.  The Debtor-Plaintiffs contend that the
16 procedure  has  not  been  complied  with  if  the  Defendants  are  the
17 owners of the note.  However, the Debtor-Plaintiffs do not provide
18 any basis for contending that any transfer of the Note to the
19 Defendants is invalid under the Internal Revenue Code.

20     The Debtor-Plaintiffs then discuss the use of MERS (Mortgage
21 Electronic  Recording  Systems,  Inc.)  as  the  nominee  of  the
22 beneficiary  under  the  deed  of  trust.   Debtor-Plaintiffs  contend
23 that MERS, merely as the nominee, could not assigned any interest

24 _____

25     [2]  The Points and Authorities does not address what is meant
   by stating that Arch Bay is not a "beneficiary" under the note.
26 Under negotiable instrument law, one is commonly the payee,
   holder or assignee of a note, not the "beneficiary."  The term
27 "beneficiary" is commonly used in California law for the
   interests that one has under a deed of trust which secures a note
28 — the creditor is named as the beneficiary in the deed of trust
   to secure an obligation.

1 | in the note and deed of trust to Defendants.

2      The Debtor-Plaintiffs assert that they will suffer irreparable
3 | harm from a foreclosure because they will lose their home and may
4 | be evicted.  However, the discussion does not address the effect of
5 | an attempted foreclosure if none of the Defendants had the right to
6 | conduct a nonjudicial foreclosure sale.  Further, if the Debtor-
7 | Plaintiffs are incorrect and the Defendants have the right to
8 | foreclose and obtain title to the real property, the Motion and
9 | arguments do not offer any analysis of the harm to Defendants.

10      It is further asserted that the equities tip in favor of the
11 | Debtor-Plaintiffs, since they would lose their home through a
12 | foreclosure sale (assuming that the sale is validly conducted).  To
13 | support this argument, the Debtor-Plaintiffs again rely heavily on
14 | the ruling in the prior bankruptcy case on the objection to proof
15 | of claim.  They contend that maintaining the *status quo* of allowing
16 | them to continue in possession of the Cedar Avenue Property pending
17 | resolution of the Adversary Proceeding is proper.  If after the
18 | litigation is completed it is determined that the Debtor-Plaintiffs
19 | are incorrect, the Defendants can foreclose at that time.  It is
20 | further contended that the public interest supports granting these
21 | Debtor-Plaintiffs the injunctive relief.  It is suggested that this
22 | court should be particularly wary of the potential for
23 | (unidentified) "organized crime" and foreclosure mills creating
24 | "bogus documents."

25      The only evidence submitted in support of the Motion is the
26 | declaration of Richard Hall, the attorney for the Debtor-Plaintiffs
27 | in this adversary proceeding, current bankruptcy case, and prior
28 | bankruptcy cases.  He testifies that his office "continuously

6

1  monitors    the    foreclosure    sale    dates    and    postponements    for
2  foreclosure    sales    scheduled    for    those    of    my    clients    whose
3  properties are in foreclosure."    (Decl. of Richard Hall 2:1-3,
4  Dckt. 7.)   As part of this continuous process, he ascertained that
5  a foreclosure sale for the Cedar Avenue Property was scheduled for
6  12:30 p.m. on March 23, 2011.   No explanation is provided in the
7  declaration for why no action was taken by the Debtor-Plaintiffs
8  until the day before the scheduled sale or when, as part of the
9  continuous monitoring of foreclosure sale when he learned of the
10  March 23, 2011 sale.   Additionally, no evidence is submitted as to
11  when Mr. Hall and the Debtor-Plaintiffs first knew of the March 23,
12  2011 foreclosure sale.

13                    **Allegations in the Complaint**
14      The   court   has   reviewed   the   complaint   in   this   adversary
15  proceeding, Docket Entry No. 1.   The Complaint alleges numerous
16  affirmative monetary claims against the Defendants.   These include:
17  Fraudulent Concealment, Negligence *Per Se*, Negligence, Intentional
18  Infliction of emotional distress, Negligent Infliction of Emotional
19  Distress, Unfair Business Practices (Cal. Bus. & Prof. Code § 17200
20  *et. seq.*), and RICO claims.   In reviewing Schedule B filed by the
21  Debtors, no such claims are listed as existing as of the March 22,
22  2011 commencement of the latest Chapter 13 case.

23                                 **RULING**
24      The   Debtor-Plaintiffs   appears   to   have   staked   his   case   on
25  contentions and allegations which have nothing to do with his
26  performance on the Note – making the payments promised for the
27  monies borrowed.   Additionally, they place great reliance on the
28  ruling   on   the   Objection   to   Claim   in   their   prior   Chapter   13

                                    7

1  bankruptcy case.  In doing so, they ignore the clear language in
2  the ruling and Civil Minutes which are the court's findings of fact
3  and conclusions of law.  The court's actual ruling states,

4        IT IS ORDERED that the objection to Proof of Claim number
       1 of Arch Bay Holdings, LLC is sustained and the claim is
5        disallowed in its entirety, **without prejudice to the
       person who holds such claim and interest securing the**
6        **claim.**

7  (No. 10-37632 Dckt. 45 (emphasis added).)

8        The Civil Minutes, Docket Entry No. 44 in case no. 10-37632,
9  state that the disallowance of the claim "does not remove any lien
10 from the Debtors' property or prejudice the rights of any person
11 who is the owner of the obligation and interest securing the
12 obligation."  As stated in the Civil Minutes, the ruling was based
13 on Arch Bay not having included with the proof of claim any
14 documents evidencing the transfer of the note from Alternative
15 Financing Corporation to Arch Bay.  There was no ruling that Arch
16 Bay did not own the note or could not enforce any liens securing
17 the note.  It could well be that Arch Bay is such "person who holds
18 such claim and interest securing the claim" as referenced in the
19 order.

20       In granting or denying a temporary restraining order or
21 preliminary injunction the court applies a five-element test.  In
22 this case the court determines that Debtor-Plaintiffs have not
23 shown the basis for issuing a temporary restraining order:

24 1.  Likelihood of success on the merits.

25             a.   The  Debtor-Plaintiffs  have  failed  to  show  a
           likelihood of success on the merits.  They misread and
26          misapply the court's ruling in the prior case.  Further,
           they  spend  much  of  their  argument  attacking  the
27          securitized loan portfolio business and whether or not
           the Internal Revenue Code has been complied with by other
28          parties.   However,  no  consideration  is  made  by  the
           Debtor-Plaintiffs  of  the  effect  of  an  improper

8

foreclosure sale being conducted by persons who have no right under the promissory note and deed of trust.  The Debtor-Plaintiffs offer no explanation of the status of the loan, their performance thereunder, and to the extent that there is a default how they intend to cure the default through a Chapter 13 plan.  The Debtors offer no evidence for the factual contentions to support the Motion.  Rather, there is merely a declaration of their attorney saying that a foreclosure sale is pending.

2.   Substantial  threat  that  Debtor-Plaintiffs  will  suffer irreparable harm if the injunction is denied.  They have not provided the court with any explanation as to the effect of the foreclosure sale if they are correct and Defendants have no right to conduct such a sale.  Moreover, Debtor-Plaintiffs provide no explanation of how they are able to pay the obligation secured by the property and how they can prosecute a successful plan in this Chapter 13 case.

3.   The Debtor-Plaintiffs fail to show that threatened injury outweighs to them any damage the injunction may cause to Defendants.  No discussion or analysis is provided about the prior bankruptcy cases which were dismissed, the payments made on the debt secured by the property, any account set up into which the payments due on the note have been deposited pending resolution of any dispute, or how the Debtor-Plaintiffs will compensate the Defendants for loss caused by further delay. Additionally,  the  Debtor-Plaintiffs  do  not  address  the property rights and interests of Defendants in the Cedar Avenue Property.

4.   Finally, the Debtor-Plaintiffs have failed to show that the injunction will serve the public interest.   These Debtor-Plaintiffs have filed multiple bankruptcy case and received the benefit of the automatic stay.  Due to the repeat filings, no automatic stay exists in this case.  11 U.S.C. § 362(c)(4). Congress enacted this provision for a reason, and merely filing an adversary proceeding saying now, after many months of prior proceedings, the Debtor-Plaintiffs want to litigate issues with the claim holders is inconsistent with the reasonable rights and interest Congress sought to protect.  No explanation has been given as to why, 24 hours prior to the foreclosure sale, the Debtor-Plaintiffs are now running to court for an injunction.

See *Sugar Busters, LLC. v. Brennan*, 177 F.3d 258, 265 (5th Cir. 1999); *National Steel Car, Ltd. v. Canadian Pac. Ry. Ltd.*, 357 F.3d 1319 (Fed. Cir. 2004).  The Debtor-Plaintiffs have also failed to establish the right to a temporary restraining order under the alternative test discussed by the Ninth Circuit Court of Appeals in

1   *Stuhlbarg International Sales, Co., Inc. v. John D. Brush & Co.,*
2   *Inc.*, 240 F.3d 832, 839-840 (9th Cir. 2001).  The public interest,
3   given the facts in this case and bankruptcies filed by the Debtor-
4   Plaintiffs does not weigh in favor of a temporary restraining order
5   in this case.

6       Further, there is no evidence presented to the court that the
7   Debtor-Plaintiffs have the ability to provide the security which
8   the court would require pursuant to Federal Rule of Civil Procedure
9   65(d).  Merely because parties who are well aware of a potential
10  dispute wait until the very last minute to request injunctive
11  relief does not automatically waive the requirement to provide
12  security.

13      The Motion for Temporary Restraining Order is denied.

14  Dated: March 23, 2011                    By the Court

15

16

17                                  Ronald H. Sargis, Judge
                                    United States Bankruptcy Court
18

19

20

21

22

23

24

25

26

27

28

This document does not constitute a certificate of service.  The parties listed below will be served a separate copy of the attached document(s).

---

Richard Hall
PO Box 237
Auburn, CA 95604

Elizabeth Magallon-Fleury
10716 Cedar Ave
Grass Valley, CA 95945

Stephen Fleury
10716 Cedar Ave
Grass Valley, CA 95945

Lawrence Loheit
PO Box 1858
Sacramento, CA 95812-1858

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814