



FILED

MAY 23 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

*NOT FOR PUBLICATION*

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

|  |  |
|---|---|
| In re | ) Case No. 11-26987-E-13L |
| | ) |
| STEPHEN E. FLEURY and | ) |
| ELIZABETH M. MAGALLON-FLEURY, | ) |
| | ) |
| Debtor(s). | ) |
| ———————————————————— | ) |
| | ) |
| STEPHEN E. FLEURY and | ) Adv. Pro. No. 11-2198 |
| ELIZABETH M. MAGALLON-FLEURY, | ) |
| | ) |
| Plaintiff(s), | ) |
| v. | ) |
| | ) |
| SPECIALIZED LOAN SERVICING, | ) |
| LLC, et al., | ) |
| | ) |
| Defendant(s). | ) |
| ———————————————————— | ) |

**MEMORANDUM OPINION ON ARCH BAY HOLDINGS, LLC SERIES 2009B
AND SPECIALIZED LOAN SERVICING'S MOTION TO DISMISS,
MOTION TO STRIKE, AND ALTERNATIVELY MOTION FOR A
MORE DEFINITE STATEMENT**

Arch Bay Holdings, LLC - Series 2009B and Specialized Loan
Servicing, LLC filed their motion and memorandum of points and
authorities in this matter as one document.  This is not the
practice in the Bankruptcy Court.[1]  "Motions, notices, objections,

---

[1] The court notes that Movant in fact attached a proof of
service to each individual document served in this matter.  In
this court, only one proof of service document identifying the

responses, replies, declarations, affidavits, other documentary evidence, memoranda of points and authorities, other supporting documents, proofs of service, and related pleadings shall be filed as separate documents." *Revised Guidelines for the Preparation of Documents*, ¶(3)(a).

Compliance with the *Revised Guidelines for the Preparation of Documents* is not only required by the Local Bankruptcy Rules, *see* Local Bankr. R. 9014-1(c)(1), but it assists the court in reviewing the motions and pleadings in its near-paperless environment.  When parties neglect the court's formatting requirements, it causes waste of precious, taxpayer-provided resources and creates additional burdens on the other parties.  Arch Bay Holdings, LLC - Series 2009B and Specialized Loan Servicing, LLC's failure to comply with the Local Bankruptcy Rules is cause to deny the motion. Local Bankr. R. 1001-1(g), 9014-1(l).

Moreover, Arch Bay Holdings, LLC - Series 2009B and Specialized Loan Servicing, LLC failed to assign a docket control number to this matter.  The Local Rules require the use of a new Docket Control Number with each motion. Local Bankr. R. 9014-1(c). This is an independent cause to deny the motion. *See* Local Bankr. R. 1001-1(g), 9014-1(l).

Even if the court were to waive the defects and address the merits, the document titled motion fails to properly plead the necessary elements of a motion to dismiss.  The motion merely pleads that certain claims should be dismissed pursuant to Federal

---

documents served and upon whom they were served need be filed. *See* Local Bankr. R. 9014-1(e)(3); *see also Revised Guidelines for the Preparation of Documents*, ¶(7).

2

1  Rule of Civil Procedure 12(b)(6) as incorporated by Federal Rule of
2  Bankruptcy Procedure 7012, that certain paragraphs of the complaint
3  should be stricken pursuant to Federal Rule of Civil Procedure
4  12(f), and that the Plaintiffs should be required to provide a more
5  definite statement.

6  Federal Rule of Civil Procedure Rule 7(b), incorporated by
7  Federal Rule of Bankruptcy Procedure 7007, requires that "The
8  motion must: . . . (B) state with particularity the grounds for
9  seeking the order; and (C) state the relief sought." The pleading
10  titled "Motion" filed in this matter fails to establish the prima
11  facie case for the requested relief.  Properly pleading the grounds
12  with particularity in the motion is not optional, but "must" be
13  done by the movant.  It is not for the court to traverse through
14  other pleadings or extensive points and authorities to piece
15  together the basis for movant's motion.

16  Burying the grounds for a motion (or lack of grounds) in a 31-
17  page points and authorities does not comply with the pleading rules
18  or effectively communicate the basis by which the court may choose
19  to grant the motion.  It is improper to shift the burden of a law
20  and motion practice to the other parties and the court to ferret
21  out the conceivable grounds for the motion from the arguments,
22  quotations, and citations set forth in the points and authorities.
23  The motion is denied without prejudice.

24  ///

25  Dated: May 23, 2011

27  RONALD H. SARGIS, Judge
    United States Bankruptcy Court

3

This document does not constitute a certificate of service.  The parties listed below will be served a separate copy of the attached document(s).

---

Richard Hall
PO Box 237
Auburn, CA 95604

Stephen Fleury
10716 Cedar Ave
Grass Valley, CA 95945

Elizabeth Magallon-Fleury
10716 Cedar Ave
Grass Valley, CA 95945

Richard Reynolds
16485 Laguna Canyon Rd # 250
Irvine, CA 92618

Timothy Ryan
1100 N Tustin Ave #200
Anaheim, CA 92807

Lawrence Loheit
PO Box 1858
Sacramento, CA 95812-1858

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814